UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMMACULATE REFLECTIONS, LLC,
and KELLERMEYER BERGENSONS
SERVICES, LLC

  Plaintiffs,

v.              CASE NO.:  6:19-cv-02233-WWB-LRH

NABILA ALTMAN,

  Defendant.
_____

NABILA ALTMAN,

  Counter-Plaintiff,

v.

KELLERMEYER BERGENSONS
SERVICES, LLC

  Counter-Defendant.
_____/

**COUNTER-DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

  Counter-Defendant Kellermeyer Bergensons Services, LLC (hereinafter "KBS"), by and through its undersigned counsel, hereby files and serves its Answer and Affirmative Defenses to Counter-Plaintiff Nabila Altman's (hereinafter "Altman") Counterclaims for Damages and Injunctive Relief and Demand for Jury Trial and states:

  As to the specific numbered allegations of Altman's Counterclaims, KBS states:

  1.  KBS states that paragraph 1 contains Altman's opinions to which no response is required and asks the Court to strike that statement altogether. To the extent a response is required, KBS denies the allegations in paragraph 1.

2. Admitted that Altman supervised cleaning crews that cleaned restaurants as part of her position with KBS; otherwise, denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that Altman began a commercial cleaning service in direct competition with KBS in violation of her Non-Competition Agreement with KBS; otherwise, denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted that Altman has brought claims for declaratory judgment, false advertising, defamation, tortious interference, and breach of contract. Denied that any violation occurred or that Altman is entitled to any relief whatsoever.

## PARTIES

12. Without knowledge; therefore, denied.

13. Admitted for jurisdictional purposes only.

14. Admitted that KBS acquired Emmaculate Reflections, LLC; otherwise, denied.

15. Denied.

## JURISDICTION AND VENUE

16. Admitted that jurisdiction is proper; however, it is denied that the substantive allegations regarding these claims have any merit whatsoever.

17. Admitted that jurisdiction is proper; however, it is denied that the substantive allegations regarding these claims have any merit whatsoever.

18. Admitted.

19. Admitted that venue is proper; however, it is denied that any unlawful acts or practices occurred.

## GENERAL ALLEGATIONS

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. Admitted that Altman's general responsibilities included identifying and soliciting new clients and supervising her team to maintain quality control; otherwise, denied.

26. Admitted that Altman worked as a Quality Control and Sales Senior Manager for Emmaculate Reflections, LLC (a KBS Company); otherwise, denied.

27. Denied.

28. Admitted that Altman's position required travel; otherwise, denied.

29. Admitted that Altman's position required her to answer her phone; otherwise, denied.

30. Admitted that Altman's responsibilities were consistent with her position as a Quality Control and Sales Senior Manager; otherwise, denied.

31. Admitted that Altman's responsibilities were consistent with her position as a Quality Control and Sales Senior Manager; otherwise, denied.

32. Without knowledge; therefore, denied.

33. Denied.

34. Admitted that Ms. Altman was entitled to commissions; otherwise, denied.

35. Denied.

36. Denied.

37. Denied that KBS failed to pay Altman her commissions. Without knowledge as to Altman's alleged calculations; otherwise, denied.

38. Denied.

39. Admitted that Altman voluntarily resigned in May 2019; otherwise, denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted that Altman tendered her resignation on May 26, 2019; otherwise, denied.

45. Denied.

46. Admitted that Altman created her own company called MCN Cleaning, LLC ("MCN"), which was in direct competition with KBS. Otherwise, without knowledge as to Altman's intentions; therefore, denied.

47. Admitted that public records indicate that MCN has been dissolved. Denied that Altman was followed by KBS employees or a private investigator hired by KBS. KBS denies the remaining allegations in paragraph 47.

48. Denied.

49. Denied.

4

50. KBS denies that it made any of the statements in paragraph 50 and its subparts; otherwise, denied.

51. Denied.

52. Denied.

53. Denied that any conduct on behalf of KBS caused Altman to close her business; otherwise, denied.

54. Denied as phrased.

55. KBS states that Emmaculate Reflections' website speaks for itself; therefore, no response is required.

56. Denied.

57. Denied.

58. Denied as phrased.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that restaurants and hotels receive other solicitations from commercial cleaning companies; otherwise, denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT I
## DECLARATORY JUDGMENT

67. KBS incorporates and realleges paragraphs 1-66 as if fully set forth herein.

68. Admitted that Altman is subject to enforceable non-compete and non-solicitation restrictions.

69. Admitted that a dispute exists between KBS and Altman regarding the enforceability of the non-compete and non-solicitation restrictions. Denied that the restrictions are unenforceable.

70. Denied as phrased.

71. Denied.

72. Without knowledge; therefore, denied.

73. Denied.

74. KBS denies all allegations in paragraph 74 and its respective subparts; otherwise, denied.

75. Denied.

76. Admitted that Altman is seeking a declaration that the restrictive covenants are unenforceable under Florida law. KBS denies that the restrictive covenants are unenforceable and, therefore, seeks a declaration that the restrictive covenants that Altman is subject to are enforceable.

## COUNT II
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

77. KBS incorporates and realleges paragraphs 1-66 as if fully set forth herein.

78. Admitted that Altman directly competed with KBS in violation of her Non-Competition Agreement. Without knowledge as to Altman's intent; therefore, denied. KBS denies all remaining allegations in paragraph 78.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied that Altman is entitled to any relief whatsoever; otherwise, denied.

95. Denied.

## COUNT III
## DEFAMATION *PER SE*

96. KBS incorporates and realleges paragraphs 1-66 as if fully set forth herein.

97. Denied that KBS made any of the statements contained in paragraph 97 and its subparts; otherwise, denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

7

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied that Altman is entitled to any relief whatsoever; otherwise, denied.

## COUNT IV
## TORTIOUS INTERFERENCE

108. KBS incorporates and realleges paragraphs 1-66 as if fully set forth herein.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied that Altman is entitled to any relief whatsoever; otherwise, denied.

## COUNT V
## BREACH OF CONTRACT

114. KBS incorporates and realleges paragraphs 1-45 as if fully set forth herein.

115. Paragraph 115 contains a legal conclusion for which no response is required.

116. KBS states that the language of Altman's February 28, 2018 offer letter speaks for itself; therefore, no response is required.

117. Denied as phrased.

118. Denied as phrased.

119. Denied.

120. Denied.

121. Denied that Altman is entitled to any relief whatsoever; otherwise, denied.

## PRAYER FOR RELIEF

KBS denies that Altman is entitled any of the requested relief following paragraph 121.

## JURY TRIAL DEMAND

KBS demands a jury trial on all issues that are triable to a jury.

All allegations of Altman's Counterclaims not specifically admitted herein are denied.

KBS, still urging and relying on matters hereinabove alleged, by way of further answer, further alleges in the alternative by way of affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Altman fails to state a cause of action based upon her assertion that KBS advertised false and misleading representations about Altman. Specifically, Altman cannot demonstrate that any statement KBS allegedly made was "advertising" within the meaning of the Lanham Act.

## SECOND AFFIRMATIVE DEFENSE

Altman has failed to state a claim for punitive damages for KBS's alleged tortious interference because Altman has not complied with Florida Statute § 768.72 in that she has not provided a reasonable basis for recovery of such damages. There is no reasonable showing by evidence in the record nor a proffer by Altman showing a reasonable basis for such damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Altman has failed to mitigate her damages (if such damages exist), Altman is barred from recovering damages against KBS.

**FOURTH AFFIRMATIVE DEFENSE**

Altman's equitable claims are barred, in whole or in part, by the doctrine of unclean hands. Altman has materially breached her Non-Competition and Non-Solicitation Agreements she has with KBS, which are both valid and enforceable.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Altman has made allegations in her Counterclaims that KBS has made allegedly defamatory statements, Altman's claim for defamation is barred because any statements, if they were made, were merely expressions of opinion made about Altman. Therefore, Altman is barred from any recovery from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

KBS affirmatively asserts that all statements and comments by KBS about Altman, if any were made, were true and thus, cannot be the basis for a defamation action.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Altman has made allegations in her Counterclaims or attempts to assert claims that KBS is vicariously liable for allegedly defamatory statements made by an employee, Altman's claim for defamation is barred because any statements, if they were made, were qualifiedly privileged and the privilege was not abused. Therefore, Altman is barred from any recovery from KBS.

**EIGHTH AFFIRMATIVE DEFENSE**

KBS has performed all of its contractual obligations.

**NINTH AFFIRMATIVE DEFENSE**

KBS is entitled to attorneys' fees and costs for the defense of Altman's Counterclaims pursuant to the parties' contractual agreement and because Altman's Counterclaims are frivolous.

6538266v.1

### TENTH AFFIRMATIVE DEFENSE

Altman's claims are for economic loss and actions in tort are barred by the economic loss rule.

### ELEVENTH AFFIRMATIVE DEFENSE

Altman's claims for injunctive relief are barred because Altman cannot show that she will suffer any irreparable harm from KBS's actions.

### TWELFTH AFFIRMATIVE DEFENSE

Altman is estopped to pursue her claim or recover damages against KBS in that Altman's conduct and/or representations, upon which KBS relied, caused KBS to change its position to its detriment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Altman's claims are barred, in whole or in part, because the alleged acts or omissions of KBS were not the proximate cause of the purported injuries and damages of Altman.

### FOURTEENTH AFFIRMATIVE DEFENSE

At the time and place alleged, Altman's negligence was the sole cause or a contributing cause of her damages, if any, and her damages should be eliminated or reduced proportionately.

### FIFTEENTH AFFIRMATIVE DEFENSE

Altman's injuries, if any, were caused or contributed to by parties for which KBS is not responsible, and KBS's liability, if any, should be reduced proportionately in accordance with § 768.81, Florida Statutes.

KBS reserves the right to assert such additional affirmative and other defenses as may appear and prove applicable during the course of discovery and further litigation.

WHEREFORE, KBS prays this Honorable Court, upon hearing hereof, enter judgment as follows:

1. Order that Altman takes nothing by her Counterclaims;

2. Dismiss Altman's Counterclaims and any claim therein in its entirety with prejudice;

3. Order that judgment be entered in KBS's favor;

4. Award KBS its attorney's fees and costs against Altman pursuant to the applicable contracts and statutes;

5. Award costs to KBS pursuant to the Federal Rules of Civil Procedure; and

6. Award KBS such other relief to which it may show itself to be justly entitled.

/s/     *Phillip J. Harris*
**PHILLIP J. HARRIS,** FBN: 0044107
pharris@constangy.com
**GREGG M. MORAN,** FBN: 1011060
gmoran@constangy.com
**MEGAN M. McGINN,** FBN: 1018641
mmcginn@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
Telephone:     (813) 223-7166
Facsimile      (813) 223-2515
Service Email:      tampa@constangy.com
*Attorneys for Defendant*

6538266v.1

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of February, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system, which will send a Notice of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to the following:

Jonathan E. Pollard, Esq.
Christopher S. Prater, Esq.
Pollard PLLC
100 SE 3rd Avenue, Suite 601
Fort Lauderdale, FL  33394
Telephone:     (954) 332-2380
jpollard@pollardllc.com
cprater@pollardllc.com
*Attorney for Plaintiff*

/s/     *Phillip J. Harris*
**Attorneys for Defendant**

6538266v.1