## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EMMACULATE REFLECTIONS, LLC,
and KELLERMEYER BERGENSONS
SERVICES, LLC,

                   *Plaintiffs,*

v.

NABILA ALTMAN,

                   *Defendant,*
_____

NABILA ALTMAN,

                   *Counter-Plaintiff,*

v.

KELLERMEYER BERGENSONS
SERVICES, LLC,

                   *Counter-Defendant.*

**CASE NO.: 6:19-cv-02233-Orl-78LRH**

## DEFENDANT/COUNTER-PLAINTIFF NABILA ALTMAN'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DEEM AFFIRMATIVE DEFENSES DENIALS[1]

       Defendant/Counter-Plaintiff Nabila Altman, through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), hereby files her Motion to Strike Affirmative Defenses and Deem Affirmative Defenses Denials, and in support states:

       Ms. Altman's Counterclaims establish a *prima facie* case for declaratory judgment, false advertising under 15 U.S.C. § 1125(a), defamation *per se*, tortious interference, and breach of contract against KBS. *See* Doc. 17. In response to the Counterclaims, KBS asserted fifteen (15)

---

[1] Defendant/Counter-Plaintiff Nabila Altman is "Ms. Altman." Plaintiff/Counter-Defendant Kellermeyer Bergensons Services, LLC, is "KBS."

affirmative defenses. *See* Doc. 21. As detailed herein, most of those so-called defenses are improper because they are legally insufficient or merely deny the allegations in the Complaint. As such, they should be stricken or deemed specific denials.

**MEMORANDUM OF LAW**

### I.     **Standard**

An affirmative defense admits the facts in the complaint, but avoids liability, in whole or in part, "by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). "A defense which points out a defect in Plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Under Rule 12(f), the Court may strike an affirmative defense that is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense is "insufficient as a matter of law only if: (1) on the face of the pleadings it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Malibu Media, LLC v. Wilder*, 2015 WL 12856770, at *1 (M.D. Fla. Mar. 25, 2015) (citations omitted).

Additionally, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *Microsoft*, 211 F.R.D. at 684; *see also Barrios, et. al. v. Ferrellgas, L.P., et al.*, 2010 WL 11622703, at *1 (M.D. Fla. Mar. 30, 2010) (affirmative defenses should "contain[] 'a short and plain statement of the claim showing the pleader is entitled to relief...the pleader must plead enough facts to state a plausible basis for the claim.'") (citing *Torres v. TPUSA, Inc.*, 2009 WL 764466, at *2 (M.D. Fla. Mar. 19, 2009) (citing *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544 (2007))). "An affirmative defense may also be stricken if it has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Gal v. Asser, Inc.*, 2017 WL 6999852, at *3 (M.D. Fla. Dec. 20, 2017) (citations omitted).

Where a party incorrectly labels a specific denial as an affirmative defense, the proper remedy is to deem it a specific denial as opposed to striking it. *In re Rawson Food Serv., Inc.*, 846 F. 2d at 1349.

**II.**     <u>**Affirmative Defenses Nos. 1, 8, 11, and 13 Should be Deemed Specific Denials**</u>

Affirmative Defenses Nos. 1, 8, 11, and 13 are mere denials of the allegations asserted in the Counterclaims. *See* Doc. 21 at 9-11. Specifically:

> <u>KBS's First Affirmative Defense states</u>: Altman fails to state a cause of action based upon her assertion that KBS advertised false and misleading representations about Altman. Specifically, Altman cannot demonstrate that any statement KBS allegedly made was "advertising" within the meaning of the Lanham Act.

> <u>KBS's Eighth Affirmative Defense states</u>: KBS has performed all of its contractual obligations.

> <u>KBS's Eleventh Affirmative Defense states</u>: Altman's claims for injunctive relief are barred because Altman cannot show that she will suffer any irreparable harm from KBS's actions.

> <u>KBS's Thirteenth Affirmative Defense states</u>: Altman's claims are barred, in whole or in part, because the alleged acts or omissions of KBS were not the proximate cause of the purported injuries and damages of Altman.

None of these "defenses" assert any excuse, justification, or other negation. *Adams*, 294 F.R.D. at 671. They do nothing more than deny allegations and attempt to point out defects in the *prima facie* Counterclaims brought by Altman.[2] Each must therefore be deemed a specific

---

[2] Affirmative Defense One is a denial of paragraphs 81, 84, and 89-90 of the Counterclaims. *See* Doc. 17. Affirmative Defense Eight is a denial of paragraphs 38 and 119-120 of the

denial. *See In re Rawson Food Serv., Inc.*, 846 F. 2d at 1349; *William Stone Premier Props., LLC v. Oni Babatunde E.*, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017) (citations omitted) (deeming an affirmative defense a specific denial where the affirmative defense merely pointed out a defect in the plaintiff's *prima facia* case); *Perez-Nunez v. N. Broward Hosp. Dist.*, 2009 WL 723873, at *1 (S.D. Fla. Mar. 13, 2009) (same); *Adams*, 294 F.R.D. at 671 (deeming affirmative defense that FLSA claimant was an independent contractor and not an employee a denial).

### III.  Several of KBS's Affirmative Defenses Are Improper and Should be Stricken or Deemed Specific Denials

> *a.  KBS's Second Affirmative Defense states:*
>
> Altman has failed to state a claim for punitive damages for KBS's alleged tortious interference because Altman has not complied with Florida Statute § 768.72 in that she has not provided a reasonable basis for recovery of such damages. There is no reasonable showing by evidence in the record nor a proffer by Altman showing a reasonable basis for such damages.

This defense is insufficient because it is "clearly invalid as a matter of law" and has "no possible relation to the controversy[.]" *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995); *Gal,* 2017 WL 6999852, at *3. Ms. Altman is not required to make a showing of damages by evidence or proffer at this stage. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th  Cir. 1999) (vacated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th  Cir. 2000) ("In our prior opinion in this case, we held that Florida Statute § 768.72 conflicts with and must yield to the "short and plain statement" rule contained

---

Counterclaims. *Id*. Affirmative Defense Eleven is a denial of paragraph 93 of the Counterclaims. *Id*. Affirmative Defense Thirteen is a denial of paragraphs 93 and 113 of the Counterclaims. *Id*.

in Federal Rule of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages.  We adhere to and leave that part of our earlier opinion intact."). As such, this defense must be stricken or, at a minimum, deemed a specific denial of Plaintiff's claim for punitive damages.

        b.   *KBS's Third Affirmative Defense states:*

> To the extent that Altman has failed to mitigate her damages (if such damages exist), Altman is barred from recovering damages against KBS.

This is a "bare-bones conclusory" allegation that fails to satisfy the pleading burden. *Adams*, 294 F.R.D. at 671; *see also Microsoft*, 211 F.R.D. at 684 ("If the affirmative defense comprises no more than 'bare bones conclusory allegations, it must be stricken.'"); *Quinones v. U.S.*, 2015 WL 3948420, at *4 (M.D. Fla. June 29, 2015) (same) (collecting cases). As such, this defense is legally insufficient and should be stricken.

        c.   *KBS's Ninth Affirmative Defense states:*

> KBS is entitled to attorneys' fees and costs for the defense of Altman's Counterclaims pursuant to the parties' contractual agreement and because Altman's Counterclaims are frivolous.

This defense, which generally denies the allegations in the Counterclaims by calling the claims "frivolous" and requests attorneys' fees and costs is not an affirmative defense. It is insufficient as it is "clearly invalid as a matter of law" and has "no possible relation to the controversy[.]" *Reyher*, 881 F.Supp. at 576; *Gal*, 2017 WL 6999852, at *3. It also fails to assert any excuse, justification, or other negation and is an improper, bare-bones conclusory allegation. *See Adams*, 294 F.R.D. at 671; *Microsoft*, 211 F.R.D. at 684; *Quinones*, 2015 WL 3948420, at *4. This defense must be stricken or, alternatively, deemed a specific denial.

d. *KBS's Tenth Affirmative Defense states:*

Altman's claims are for economic loss and actions in tort are barred by the economic loss rule.

This defense is insufficient because it is "clearly invalid as a matter of law" and has "no possible relation to the controversy[.]" *Reyher*, 881 F.Supp. at 576; *Gal*, 2017 WL 6999852, at *3. In 2013, the Florida Supreme Court "limit[ed] the application of the economic loss rule to cases involving products liability."[3] *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 407 (Fla. 2013). As Ms. Altman did not bring any products claims, the economic loss rule has no relation to this controversy and is not a valid defense to the claims.

Even if this Court applies the common law principle that a claim in tort must be independent of any breach of contract claim, the defense is still insufficient. *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 2015 WL 13203447, at *2 (S.D. Fla. 2015) (citing *Lewis v. Guhartz*, 428 So. 2d 222, 224 (Fla. 1982)). Other than Count V, a breach of contract claim that cannot possibly be barred by the economic loss rule, all of the Counterclaims are plainly independent of any contract claims. *See* Doc. 17 at Count I (Declaratory Judgment), Count II (False Advertising), Count III (Defamation Per Se), and Count IV (Tortious Interference).

e. *KBS's Fourteenth and Fifteenth Affirmative Defenses state:*

14. At the time and place alleged, Altman's negligence was the sole cause or a contributing cause of her damages, if any, and her damages should be eliminated or reduced proportionately.

---

[3] Florida courts "define[] economic loss as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property.'" *Tiara Condo. Ass'n, Inc.*, 110 So. 3d at 401 (citations omitted).

15. Altman's injuries, if any, were caused or contributed to by parties for which KBS is not responsible, and KBS's liability, if any, should be reduced proportionally in accordance with § 768.81, Florida Statutes.

These defenses are "clearly invalid as a matter of law" and have "no possible relation to the controversy" as they are defenses to non-existent negligence claims. *Reyher*, 881 F.Supp. at 576; *Gal,* 2017 WL 6999852, at *3; *see also* Doc. 17. Specifically:

- Count I seeks a declaratory judgment regarding the restrictive covenants at issue are unenforceable. *See* Doc. 17 at Count I. Ms. Altman's and third parties' conduct have no bearing on that claim.

- Counts II-IV seek relief for KBS's intentional misconduct, including false advertising, defamation *per se*, and tortious interference.[4] *See* Doc. 17 at Counts II-IV. Ms. Altman and third parties cannot possibly be responsible, in whole or in part, for the harm that flows from such advertising, defamation, or tortious interference. Florida law is clear: a party may not reduce its liability by pointing to the intentional conduct of another. *See Merrill Crossings Assocs. v. McDonald*, 705 So. 2d 560, 562 (Fla. 1997) (distinguishing *Fabre* and stating that the comparative fault statute's language "excluding actions 'based on an intentional tort' from the statute gives effect to a public policy that negligent tortfeasors such as in the instant case should not be permitted to reduce their liability to another tortfeasor whose intentional criminal conduct was a foreseeable result of their

---

[4] KBS and Emmaculate merged on September 30, 2019. *See* Doc. 16 (Plaintiff's First Amended Complaint) at ¶4.

negligence.").[5] At best, Defense 15 must be deemed a specific denial of the allegations that KBS engaged in false advertising, made the defamatory statements regarding Ms. Altman, and tortiously interfered in her business relationships.

- Count V seeks relief for KBS's breach of contract based on the failure to pay commissions. *See* Doc. 17 at Count V. It was KBS's responsibility to pay those commissions. *See supra* at n.4. Ms. Altman and third parties could not have caused or contributed to the breach of that contract, nor could they be responsible for any portion of the damages that flowed from it.

These defenses are also improper, bare-bones conclusory allegations. *See Adams*, 294 F.R.D. at 671. As such, they must be stricken. Alternatively, with respect to Defense 15, it should be deemed a specific denial.

## <u>CONCLUSION</u>

WHEREFORE, Ms. Altman respectfully requests that this Court enter an Order deeming KBS's Affirmative Defenses Numbers 1, 8, 11, and 13 specific denials, striking or deeming Affirmative Defenses Numbers 2, 3, 9, 14, and 15 specific denials, and for all other relief this Court deems fit.

---

[5] *Merrill Crossings* cites: *Hall v. Billy Jack's, Inc,* 458 So. 2d 760 (Fla. 1984) (lounge proprietor owes its patrons the duty to protect them from reasonably foreseeable harm); *Holley v. Mt. Zion Terrace Apts., Inc.,* 382 So. 2d 98 (Fla. 3d DCA 1980) (the deliberate act of the rapist and murderer did not constitute an independent intervening cause which would insulate the landlord from liability for failing to provide reasonable security measures); *Paterson v. Deeb,* 472 So. 2d 1210 (Fla. 1st DCA 1985); *Whelan v. Dacoma Enters., Inc.,* 394 So. 2d 506 (Fla. 5th DCA 1981); *Rosier v. Gainesville Inns Assocs., Ltd.,* 347 So. 2d 1100 (Fla. 1st DCA 1977) (a landlord's breach of an implied duty to provide locks and maintain common areas in safe condition may render landlord liable to the tenant for injuries resulting from unauthorized entry and criminal acts within the premises); and Restatement (Second) of Torts, § 449 (1965).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Counsel for Defendant/Counter-Plaintiff certifies the following: On March 11, 2020, Altman's counsel contacted KBS's counsel to confer regarding this Motion. KBS's counsel advised that none of their attorneys of record were available to confer until March 17, 2020. As the parties were unable to coordinate the conferral by the date of this Motion, the undersigned will promptly supplement this motion pursuant to Local Rule 3.01(g) following the conferral call that is scheduled for March 17th.

Dated: March 13, 2020                                        Respectfully submitted,

                                                            By: s/ *Christopher S. Prater*
                                                            Jonathan E. Pollard
                                                            Florida Bar No.: 83613
                                                            jpollard@pollardllc.com
                                                            **Trial Counsel**

                                                            Christopher S. Prater
                                                            Florida Bar No.: 105488
                                                            cprater@pollardllc.com

                                                            **Pollard PLLC**
                                                            100 SE 3rd Ave., Ste. 601
                                                            Fort Lauderdale, FL 33394
                                                            Telephone: (954) 332-2380
                                                            *Attorneys Nabila Altman*


## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020 this document was electronically served on all counsel of record via the Court's electronic case filing system.

                                                            By: s/ *Christopher S. Prater*
                                                            Christopher S. Prater