## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EMMACULATE REFLECTIONS, LLC,
and KELLERMEYER BERGENSONS
SERVICES, LLC

      Plaintiffs,

v.                                                                      CASE NO.:  6:19-cv-02233-WWB-LRH

NABILA ALTMAN,

      Defendant.

_____/

NABILA ALTMAN,

      Counter-Plaintiff,

v.

KELLERMEYER BERGENSONS
SERVICES, LLC

      Counter-Defendant.

_____/

## PLAINTIFF/COUNTER-DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC'S RESPONSE IN OPPOSITION TO NABILA ALTMAN'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DEEM AFFIRMATIVE DEFENSES DENIALS

Plaintiff/Counter-Defendant Kellermeyer Bergensons Services, LLC (hereinafter "KBS"), by and through its undersigned attorney, hereby files its Response in Opposition to Defendant/Counter-Plaintiff Nabila Altman's (hereinafter "Altman") Motion to Strike Affirmative Defenses and Deem Affirmative Defenses Denials, and says:

**I.      Introduction**

Altman, a former employee of KBS, brought the instant Counterclaims alleging false advertising, defamation per se, tortious interference, and breach of contract. KBS denies these allegations. Altman alleges that many of KBS's affirmative defenses are improper because they

are either legally insufficient or merely deny the allegations in the counter claims. However, Altman's Motion should be denied because KBS's affirmative defenses are clearly pleaded in general terms, provide Altman with fair notice of KBS's defenses, and are clearly valid as a matter of law. Moreover, Altman has failed to show the type of prejudicial harm that a moving party must show to merit striking an affirmative defense.

## II.   Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient. *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East*, LLC, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999). Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995).

Regarding affirmative defenses, a court will only strike a defense as insufficient as a matter of law if: (1) it is patently frivolous on its face, or (2) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Furthermore, an affirmative defense is sufficient when it raises substantive factual or legal questions and there is no showing of prejudice to the movant. *Reyher*, 881 F.Supp. at 576. Further,

"[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as ... specific denial[s]." *Goodbys Creek, LLC*, 2009 WL 1139572, at *3 <u>citing</u> *Bluewater Trading LLC v. Wilmar USA, Inc*., 2008 WL 4179861, at *2 (S.D. Fla. 2008)).

## III.   Memorandum of Law

### 1.   First, Eighth, Eleventh and Thirteenth Affirmative Defenses

Altman alleges that KBS's first, eighth, eleventh, and thirteenth affirmative defenses are mere denials of the allegations asserted in the Counterclaims and therefore should be stricken. However, with respect to KBS's first affirmative defense, a "failure to state a claim upon which relief can be granted" represents a defense that can be raised in a responsive pleading. <u>See</u> Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h)(2); <u>see also</u> *Moore v. R. Craig Hemphill & Associates*, 2014 WL 2527162, at *2 (M.D. Fla. 2014) ("Federal Rule of Civil Procedure 12(h)(2) allows a party to raise the failure-to-state-a-claim defense in any pleading that Federal Rule of Civil Procedure 7(a) allows, which includes an answer to a complaint."). Therefore, courts generally have held that the appropriate remedy is to treat it as a denial or as harmless. <u>See</u> *Ahamad v. Maxim Healthcare Servs., Inc.*, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike a failure to state a claim upon which relief can be granted defense because where "disputed defenses amount to denials of Plaintiff's claim ... [t]he proper remedy is not to strike these defenses, but to treat them as denials").

Likewise, KBS's eighth, eleventh, and thirteenth affirmative defenses should not be stricken. Even though an affirmative defense that attacks a prima facie case may be more appropriately characterized as a denial, that defense still should not be stricken. <u>See</u> *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, 2010 WL 1249841, at *2 (M.D. Fla. 2010) (declining to strike an affirmative defense that alleged a defect in the plaintiff's prima facie case);

citing *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug.21, 2007) (when a party labels a "negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim, but rather to treat it as a specific denial").

Moreover, where "the plaintiff has been given 'plain notice' of the matters to be litigated, which is all the federal pleading rules require, [s]he should be put to [her] proof on those issues irrespective of any error by the defendant regarding terminology." *Coleman v. Patriot Logistics, Inc.*, 2006 WL 8439266, at *3 (M.D. Fla. 2006) (finding that the defendant's affirmative defense, while possibly a denial, put the plaintiff on "plain notice" of the defendant's contention that the plaintiff's claims were insufficient as a matter of law); citing *Currie v. Dollar Gen. Corp.*, 2005 WL 1684161, at *1 (N.D. Fla. 2005). Therefore, KBS's first, eighth, eleventh, and thirteenth affirmative defenses should not be stricken.

### 2.      Second Affirmative Defense

KBS's second affirmative defense alleges that Altman has failed to state a claim for punitive damages for KBS's alleged tortious interference because Altman has not complied with Florida Statute § 768.72. Altman alleges that she is not required to produce evidence of such damages. Although "[i]n *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir.1999), the Eleventh Circuit held that the pleading rules established in Federal Rule of Civil Procedure 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave of court before including a prayer for punitive damages," the Eleventh Circuit "did not decide whether the statute's discovery component (requiring a showing of a reasonable basis in the evidence for an award of punitive damages before a party is entitled to discover financial worth information) applies in federal litigation." *Haaf v. Flagler Construction Equipment, LLC*, 2011 WL 1871159, at *2 (S.D. Fla.

May 16, 2011). As such, it would be improper to strike this defense because discovery has just begun.

### 3.   Third Affirmative Defense

Altman has alleged that KBS's affirmative defense regarding mitigation of damages should be stricken because it is a "bare-bones conclusory" allegation. However, a plaintiff has a continuing duty to mitigate any damages she has alleged as a result of any conduct on behalf of KBS. The Middle District of Florida has plainly stated that "a plaintiff must mitigate her damages by seeking employment substantially equivalent to the position from which she was terminated." *Reiner v. Brandon Ford*, 146 F.Supp.2d 1279, 1287 (M.D. Fla. 2001). As such, KBS's third affirmative defense clearly states Altman's clear duty and should not be stricken. Moreover, courts have held that a bare statement of the intent to rely on this defense is sufficient where, at the time of answering, the parties have conducted little or no discovery. *Dzafic v. Geovera Specialty Insurance Company*, 2008 WL 2950125 (M.D. Fla. 2008). The facts of Altman's mitigation will be developed in discovery. She is clearly on notice that KBS intends to pursue this defense, as appropriate. KBS is not required at this stage of litigation to include all facts which might support this defense. FRCP 8 does not obligate a defendant to set forth detailed factual allegations, but a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests." *Muschong v. Millennium Physician Grp.*, LLC, 2014 WL 3341142, at *1 (M.D. Fla. July 8, 2014). Therefore, this defense should not be stricken.

### 4.   Ninth Affirmative Defense

Altman alleges that KBS's affirmative defense that it is entitled to attorneys' fees and costs is not an affirmative defense because it is insufficient as a matter of law, has no possible relation to the controversy, and is a bare-bones conclusory allegation. Here, KBS is simply preserving its

right to seek attorneys' fees and this Court's jurisdiction to award attorneys' fees if it is shown that Altman filed these counterclaims for an improper purpose. Further, KBS intends to conduct discovery and evaluate the merit of Altman's counterclaims. If it is shown that her claims were brought improperly, KBS will pursue its right to attorneys' fees in defending this action. This affirmative defense is not patently frivolous or clearly invalid as a matter of law and should not be stricken. *Microsoft Corp.*, 211 F.R.D. at 683. The purpose of this defense is to provide Altman with notice of the general nature of this defense in preparation for trial. This defense raises an issue that is clearly relevant to the controversy. As it does not contain an allegation that is scandalous, prejudicial, or immaterial, this defense should not be stricken. See *Centex Homes v. Mr. Stucco, Inc.*, 2008 WL 793587, at *2 (M.D. Fla. 2008) ("Rule 12(f) should be used sparingly and pleadings should be stricken only where the party demonstrates that the defense is insufficient or the allegations scandalous."). Therefore, Altman's Motion to strike KBS's ninth affirmative defense should be denied.

> **5.     Tenth Affirmative Defense**

Altman alleges that KBS's defense that her claims for economic loss and actions in tort are barred by the economic loss rule is clearly invalid as a matter of law. It is improper to strike this defense at this early stage of litigation because Altman is essentially asking this Court to determine whether the economic loss rule applies without any discovery or other evidence. Florida courts have uniformly held that whether a claim is barred by the economic loss rule is a question of law that may be properly determined at summary judgment. *Underwriters At Lloyds Subscribing to Cover Note MC-1151 v. Fedex Truckload Brokerage, Inc.*, 2010 WL 2681224, at *4 (S.D. Fla. 2010). Therefore, it would prejudice KBS if this defense was stricken at this stage of litigation. *Sembler Family Partnership #41 v. Brinker FL.*, Slip Copy, 2008 WL 5341175 *4 (M.D. Fla.

2008) (the sufficiency of a defense is best tested at summary judgment when there is a more complete record). Accordingly, the Court should not strike KBS's tenth affirmative defense.

### 6.    Fourteenth and Fifteenth Affirmative Defenses

Altman alleges that KBS's fourteenth and fifteenth affirmative defenses are invalid as a matter of law and have no possible relation to the controversy because they are defenses to negligence claims. However, KBS's invocation of these defenses serves the purpose of placing Altman on notice of certain issues KBS intends to assert against Altman's claims. As explained above, the sufficiency of these defenses would be best tested at summary judgment rather than striking these defenses without a complete record. See *Sembler*, 2008 WL 5341175 at *4. Therefore, KBS's fourteenth and fifteenth affirmative defenses should not be stricken.

### 7.    Altman Cannot Show that She Will be Prejudiced if the Motion to Strike is Denied

A motion to strike should be denied absent a showing of prejudice. *Jones v. Wal–Mart Stores, Inc.*, No. 90–14113–CIV, 1991 WL 236503 (S.D. Fla. Apr. 25, 1991); *Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007). Altman has failed to even articulate any prejudice she would suffer if her Motion is denied. Instead, Altman simply recites case law and repeatedly asks the Court to deem the above affirmative defenses as specific denials or strike them without explaining any prejudice she would suffer. As such, Altman's motion is a "time waster" used to unnecessarily consume the Court's resources. "[W]hen there is no showing of prejudice to the movant," motions to strike are particularly disfavored. *Reyher*, 881 F. Supp. at 576 (citing *Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980)). It is clear that Altman's complete failure to even mention prejudice in her Motion shows that she has not and will not suffer any prejudice. If discovery proves the defenses inapplicable, Altman can move to strike at that point. Altman has been placed on notice of KBS's defenses and

7

therefore she has enough notice to conduct discovery and prepare her case on those issues. Further, because she has not articulated a showing of prejudice as a result of any of KBS's defenses, it would be improper to strike KBS's affirmative defenses.

## IV.    Conclusion

Based on the foregoing, Altman's motion should be denied. Alternatively, KBS should be given leave to amend any of its affirmative defenses that the Court finds do not meet the lenient pleading requirements or otherwise put Altman on notice.

Respectfully submitted this 26th day of March, 2020.

/s/    *Phillip J. Harris*
**PHILLIP J. HARRIS,** FBN:  0044107
pharris@constangy.com
**GREGG M. MORAN,** FBN:  1011060
gmoran@constangy.com
**MEGAN M. McGINN,** FBN:  1018641
mmcginn@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
Telephone:     (813) 223-7166
Facsimile      (813) 223-2515
Service Email:      tampa@constangy.com
*Attorneys for Plaintiffs*

6638340v.1

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 26th day of March, 2020, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF filing system, which will send a Notice

of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to the following:

> Jonathan E. Pollard, Esq.
> Christopher S. Prater, Esq.
> Pollard PLLC
> 100 SE 3rd Avenue, Suite 601
> Fort Lauderdale, FL  33394
> Telephone:     (954) 332-2380
> jpollard@pollardllc.com
> cprater@pollardllc.com
> ***Attorney for Altman***


> /s/       *Phillip J. Harris*
> **Attorneys for Plaintiffs**

9

6638340v.1