**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EMMACULATE REFLECTIONS, LLC
and KELLERMEYER BERGENSONS
SERVICES, LLC,**

      **Plaintiffs,**

**v.**                                            **Case No: 6:19-cv-2233-Orl-78LRH**

**NABILA ALTMAN,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT/COUNTER-PLAINTIFF NABILA ALTMAN'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DEEM AFFIRMATIVE DEFENSES DENIALS (Doc. No. 25) (Doc. No. 25)**
>
> **FILED:** **March 13, 2020**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND.**

On November 22, 2019, Plaintiffs Emmaculate Reflections, LLC ("Emmaculate") and Kellermeyer Bergensons Services, LLC ("KBS") instituted this action against Defendant Nabila Altman ("Altman"), which concerns an employment-related dispute between Plaintiffs and Altman. Doc. No. 1. By an amended complaint, Plaintiffs allege that Altman: (1) breached the non-compete

provisions in her employment contract (Count I); (2) breached the confidentiality provisions in her employment contract (Count II); (3) misappropriated trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count III); (4) misappropriated trade secrets in violation of Fla. Stat. § 688.001 (Count IV); and (5) tortiously interfered with advantageous business relationships (Count V). Doc. No. 16. Plaintiffs seek both monetary damages and injunctive relief. *Id.*

Altman has answered the complaint and asserted affirmative defenses. Doc. No. 17. She also asserts several counterclaims against KBS, including: (1) a count for declaratory relief regarding enforceability of the restrictive covenants in the employment agreement (Count I); (2) false advertising under 15 U.S.C. § 1125(a) (Count II); (3) defamation per se (Count III); (4) tortious interference (Count IV); and (5) breach of contract (Count V). *Id.* at 16–23.

KBS has filed an answer to Altman's counterclaims, and has asserted several affirmative defenses. Doc. No. 21. Altman thereafter filed a motion to strike certain affirmative defenses from KBS's answer to her counterclaim (the second, third, ninth, tenth, fourteenth, and fifteenth affirmative defenses) and to deem others specific denials (the first, eighth, eleventh, and thirteenth affirmative defenses). Doc. No. 25. KBS has filed a response in opposition to the motion. Doc. No. 27. The motion was referred to the undersigned, and the matter is ripe for review.

## II. LEGAL STANDARD.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily only be granted if the material sought to

be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848 at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

### III. ANALYSIS.

A. <u>First, Eighth, Eleventh, and Thirteenth Affirmative Defenses</u>.

KBS's first, eighth, eleventh, and thirteenth affirmative defenses to Altman's counterclaims provide as follows:

> **First Affirmative Defense:** Altman fails to state a cause of action based upon her assertion that KBS advertised false and misleading representations about Altman. Specifically, Altman cannot demonstrate that any statement KBS allegedly made was "advertising" within the meaning of the Lanham Act.
>
> **Eighth Affirmative Defense:** KBS has performed all of its contractual obligations.
>
> **Eleventh Affirmative Defense:** Altman's claims for injunctive relief are barred because Altman cannot show that she will suffer any irreparable harm from KBS's actions.

> **Thirteenth Affirmative Defense:** Altman's claims are barred, in whole or in part, because the alleged acts or omissions of KBS were not the proximate cause of the purported injuries and damages of Altman.

Doc. No. 21, at 9–11.

Altman does not ask that the Court strike these defenses, but rather asks the Court to treat them as specific denials. Doc. No. 25, at 3–4. "Denials . . . that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials." *PNC Bank v. Craggs Constr. Co.*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) (citation omitted); *see also William Stone Premier Props., LLC v. Oni Babatunde E.*, No. 6:16-cv-2157-Orl-31GJK, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it."), *report and recommendation adopted*, 2017 WL 2257720 (M.D. Fla. May 23, 2017). KBS appears to concede that these affirmative defenses should be treated as specific denials. Doc. No. 27, at 3–4. I agree, and therefore recommend that the Court decline to strike these defenses and instead deem them specific denials. *See, e.g.*, *Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:13-CV-338-OC-10PRL, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike defenses asserting that the plaintiff had failed to state a claim; denying allegations in complaint; and that the damages were speculative, instead treating each as denials).

    B.    <u>Second Affirmative Defense</u>.

KBS's second affirmative defense to Altman's counterclaims provides:

> **Second Affirmative Defense:** Altman has failed to state a claim for punitive damages for KBS's alleged tortious interference because Altman has not complied with Florida Statute § 768.72 in that she has not provided a reasonable basis for recovery of such damages. There is no reasonable showing by evidence in the record nor a proffer by Altman showing a reasonable basis for such damages.

Doc. No. 21, at 9.

Altman argues that the second affirmative defense is invalid as a matter of law because "Altman is not required to make a showing of damages by evidence or proffer at this stage." Doc. No. 25, at 4. Alternatively, Altman argues that the request should be treated as a specific denial. *Id.* at 5. KBS responds that it would be improper to strike this defense because discovery has just begun in this case. Doc. No. 27, at 4.

Regardless of the reference to Fla. Stat. § 768.72 in the second affirmative defense,[1] I recommend that the defense be deemed sufficient to place Altman on notice that KBS intends to deny that she is entitled to punitive damages in this case. *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962))). Alternatively, even if not a proper affirmative defense, the second affirmative defense should be construed as a denial to Altman's claim for punitive damages. *See, e.g.*, *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73-T-33MAP, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011); *Clymer v. Caterpillar, Inc.*, No. 10-61127-CIV, 2010 WL 11549901, at *1 (S.D. Fla. Dec. 13, 2010).

Accordingly, I recommend that the motion to strike as it relates to the second affirmative defense be **DENIED**.

---

[1] Although the pleading requirements set forth in Fla. Stat. § 768.72 are not applicable in federal court to the extent that the statute conflicts with Federal Rule of Civil Procedure 8, *see, e.g.*, *Adams v. Cinemark USA, Inc.*, No. 6:15-cv-1066-Orl-37GJK, 2015 WL 12843215, at *1 (M.D. Fla. July 13, 2015), it does not appear that the Eleventh Circuit has decided whether § 768.72's discovery requirements apply in federal court, *Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 6:17-cv-710-Orl-37DCI, 2018 WL 7500082, at *4 (M.D. Fla. Oct. 23, 2018). *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999). "[T]he weight of authority in this District has leaned heavily in favor of applying the discovery component of section 768.72 to financial worth discovery concerning punitive damages claims in diversity cases." *Johnson*, 2018 WL 7500082, at *4.

C. <u>Third Affirmative Defense</u>.

KBS's third affirmative defense to Altman's counterclaims provides:

**Third Affirmative Defense:** To the extent that Altman has failed to mitigate her damages (if such damages exist), Altman is barred from recovering damages against KBS.

Doc. No. 21, at 9.

Altman contends that the third affirmative defense is merely a "bare-bones conclusory" allegation and must be stricken. Doc. No. 25, at 5. However, KBS points to authority suggesting that at this stage of the proceedings, its pleading is sufficient. *See Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-cv-0026-T-24EAJ, 2008 WL 2950125, at *2 (M.D. Fla. July 31, 2008) (finding that "a bare-bones statement of the intent to rely on the defense [of failure to mitigate damages] is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery"); *see also Gibson v. JetBlue Airways Corp.*, No. 6:18-cv-1742-Orl-40TBS, 2019 WL 3206925, at *4 (M.D. Fla. July 16, 2019) (denying motion to strike where an affirmative defense concerning the failure to mitigate damages gave "Plaintiff adequate notice of Defendant's assertion in opposition to her request for punitive damages"); *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011) (denying motion to strike affirmative defense that "Plaintiff has failed to mitigate his damages by, among other things, failing to take reasonable steps to secure and retain other employment following his separation from employment"). Accordingly, I recommend that Altman's request to strike the third affirmative defense be **DENIED**.

D. <u>Ninth Affirmative Defense</u>.

KBS's ninth affirmative defense to Altman's counterclaims provides:

> **Ninth Affirmative Defense:** KBS is entitled to attorneys' fees and costs for the defense of Altman's Counterclaims pursuant to the parties' contractual agreement and because Altman's Counterclaims are frivolous.

Doc. No. 21, at 10.

Altman argues that a claim that her allegations are frivolous and a request for attorney's fees and costs based thereon is not a proper affirmative defense. Doc. No. 25, at 5. KBS responds that it intends to preserve its right to seek attorney's fees by this defense, should it be determined that Altman filed her counterclaims for an improper purpose. Doc. No. 27, at 5–6.

Some courts have found that affirmative defenses like the ninth affirmative defense asserted by KBS are legally insufficient. *See, e.g.*, *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73-T-33MAP, 2011 WL 2981818, at *3 (M.D. Fla. July 22, 2011); *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *6 (M.D. Fla. Mar. 27, 2014). Yet other courts have concluded that such a defense should not be stricken "because it liberally could be construed as a request for attorney's fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure." *Mills v. MJ Employment Servs., Inc.*, No. 5:09-cv-15-Oc-10GRJ, 2009 WL 10670479, at *2 (M.D. Fla. Apr. 22, 2009); *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *5 (M.D. Fla. Nov. 9, 2009); *see also Larson v. Correct Craft, Inc.*, No. 6:05-cv-686-Orl-31JGG, 2005 WL 1902438, at *2 (M.D. Fla. Aug. 8, 2005).

I agree with the latter approach, as I do not find that Altman has "shown that the allegations being challenged are so unrelated to [the] claims [at issue] as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial . . . ." *Erdogam*, 2015 WL 12838848 at *1. Indeed, Altman does not even allege any prejudice should the Court deny the motion to strike the ninth affirmative defense. Doc. No. 25, at 5.

Accordingly, I recommend that the motion to strike KBS's ninth affirmative defense to Altman's counterclaims be **DENIED**.

E.  Tenth Affirmative Defense.

KBS's tenth affirmative defense to Altman's counterclaims provides:

**Tenth Affirmative Defense:** Altman's claims are for economic loss and actions in tort are barred by the economic loss rule.

Doc. No. 21, at 11.

Altman argues that this defense is "clearly invalid as a matter of law" and has "no possible relationship to the controversy" because she does not assert any products liability claims in this case. Doc. No. 25, at 6 (citing *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 407 (Fla. 2013)).[2] KBS responds that it would be improper to strike this affirmative defense at this early stage of the litigation because "Altman is essentially asking this Court to determine whether the economic loss rule applies without any discovery or other evidence." Doc. No. 27, at 6–7.

The "economic loss rule" was "introduced [in Florida] to address attempts to apply tort remedies to traditional contract law damages." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 401 (Fla. 2013). Under Florida law, "the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Id.* at 401. The Florida Supreme Court has since limited the scope of the economic loss rule solely to cases involving products liability. *See id.* at 407.

---

[2] Altman also argues that under the independent tort doctrine, the tenth affirmative defense is still insufficient. Doc. No. 25, at 6. However, because the tenth affirmative defense does not address the independent tort doctrine and solely relates to the economic loss rule, and because KBS did not address the independent tort doctrine in its response, Doc. No. 27, the undersigned declines to further address this argument.

As written, the tenth affirmative defense merely asserts that Altman's claims are barred by the economic loss rule. Because the Florida Supreme Court has limited the economic loss rule to products liability cases, and no products liability claims are asserted in this case, the tenth affirmative defense is due to be stricken. *See Tiara*, 110 So. 3d at 407 ("[T]he economic loss rule applies only in the products liability context.").[3] Therefore, I recommend that the motion to strike as it relates to the tenth affirmative defense be **GRANTED**.

F.  Fourteenth and Fifteenth Affirmative Defenses.

KBS's fourteenth and fifteenth affirmative defenses to Altman's counterclaims provide as follows:

> **Fourteenth Affirmative Defense:** At the time and place alleged, Altman's negligence was the sole cause or a contributing cause of her damages, if any, and her damages should be eliminated or reduced proportionately.
>
> **Fifteenth Affirmative Defense:** Altman's injuries, if any, were caused or contributed to by parties for which KBS is not responsible, and KBS's liability, if any, should be reduced proportionately in accordance with § 768.81, Florida Statutes.

Doc. No. 21.

Altman argues that these defenses are "clearly invalid as a matter of law" based on the counterclaims asserted because these defenses relate to "non-existent negligence claims." Doc. No. 25, at 7. KBS asserts that "invocation of these defense serves the purpose of placing Altman on notice of certain issues KBS intends to assert against Altman's claims." Doc. No. 27, at 7.

As discussed above, Altman asserts counterclaims for false advertising; defamation; tortious interference; and breach of contract against KBS. Doc. No. 17. None of these claims sound in negligence and all arise under a contract or are intentional torts. Accordingly, as both the fourteenth

---

[3] Notably, in response to the motion to strike, KBS does not address *Tiara* and only cites to pre-*Tiara* cases. Doc. No. 27.

and fifteenth affirmative defenses assert the comparative fault of Altman and/or third parties, I agree with Altman that these defenses are clearly insufficient as a matter of law. *See Bre/Cocoa Beach Owner, L.L.C. v. Rolyn Companies, Inc*., No. 6:12-cv-466-Orl-22GJK, 2012 WL 12905849, at *3 (M.D. Fla. Nov. 30, 2012) ("It is generally understood that the comparative fault statute does not apply to breach of contract actions. . . . Contracts, by their nature, do not ordinarily permit the apportionment of fault to non-parties in the event of breach."); *Gouty v. Schnepel*, 795 So. 2d 959, 965 n.3 (Fla. 2001) (finding section 768.81 inapplicable to breach of contract action); *Bel-Bel Int'l Corp. v. Barnett Bank of S. Fla., N.A*., 158 B.R. 252, 256 (S.D. Fla. 1993) ("Fla. Stat. § 768.81, which codifies the doctrine of comparative fault in assessing damages against joint tortfeasors in negligence actions, specifically excludes intentional torts." (citing Fla. Stat. § 768.81(4)(b))). Therefore, I recommend that the motion to strike as it relates to the fourteenth and fifteenth affirmative defenses be **GRANTED**.

## IV. RECOMMENDATION.

For the reasons discussed herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part** the motion to strike (Doc. No. 25) as it relates to the tenth, fourteenth, and fifteenth affirmative defenses;

2. **STRIKE** the tenth, fourteenth, and fifteenth affirmative defenses from KBS's Answer and Affirmative Defenses (Doc. No. 21);

3. **DEEM** the first, second, eighth, eleventh, and thirteenth affirmative defenses to be specific denials; and

4. **DENY** the motion to strike (Doc. No. 25) in all other respects.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 2, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record